PER CURIAM.
Appellant, Enrique Fernandez, appeals his convictions and sentences for first degree murder and grand theft. We affirm in part and reverse in part.
Appellant’s murder conviction stemmed from a barroom incident where appellant called the victim to the outside of the bar and shot him. Appellant claims that the victim was a bully who demanded that appellant buy him a beer whenever they met at the bar.
Several days prior to the incident, the victim slapped appellant. Appellant then purchased a stolen gun in order to confront the victim. At trial, appellant argued that the killing had not been premeditated, but rather, self defense.
We find no error in appellant’s conviction and sentence for murder:
The question of whether the evidence fails to exclude all reasonable hypothesis of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse a judgment based upon a verdict returned by the jury.
Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984).
However, the State concedes, and we agree, that appellant was mistakenly adjudicated guilty of second degree grand theft based on his purchase of the stolen gun. § 812.014(l)(b), Fla.Stat. (1989).
In order to be convicted of second degree grand theft, section 812.014(l)(b), Florida Statutes (1989), the defendant must have stolen property valued at $20,000 or more. Theft of property worth less than $20,000 but more than $300, or theft of a firearm, constitutes third degree grand theft. § 812.014(l)(c), Fla.Stat. (1989).
Accordingly, appellant’s conviction for second degree grand theft is reversed, and the cause remanded for correction of the judgment to reflect a conviction and appropriate sentence for third degree grand theft. See Kearns v. State, 575 So.2d 330 (Fla. 2d DCA 1991).
Affirmed in part, reversed in part, and remanded.